**In re Edward Joseph LAMBERT, III and Kristine Kathryn Lambert, Debtors.**

**C.A. No. 85–C–187.**

United States District Court, E.D. Wisconsin.

March 20, 1985.

Margaret D. McGarity, Chernov, Croen & Stern, S.C., Milwaukee, Wis., for plaintiffs.

Donald E. Schultz, Sommer, Olk & Schroeder, Rhinelander, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The issue before the Court is the debtors' motion for leave to appeal from an interlocutory order of bankruptcy Judge James Shapiro, entered in this proceeding on January 15, 1985. The January 15 order construed a motion by Donald and Patricia Manthey for termination of stay as a motion for extension of time for filing a complaint to determine dischargeability of a debt and modified the injunction under 11 U.S.C. § 524 to permit the Mantheys' state court action to proceed. The debtors argue this order was clearly erroneous and prejudiced their right to a fresh start under the bankruptcy law. I find that the bankruptcy court properly exercised its discretion in this matter, and the motion will be denied.

The movants filed a voluntary petition in bankruptcy, under 11 U.S.C. Chapter 7, on July 26, 1984. The Mantheys, who had purchased a home from the Lamberts, received a notice of the meeting of creditors which set November 5, 1984 as the deadline for filing a complaint to determine dischargeability. On November 2, 1984, the Mantheys filed a motion for termination of stay and a copy of the complaint they intended to file in state court alleging misrepresentation and fraud in the home sale.

The Lamberts' debts were discharged on November 5, 1984.

Judge Shapiro held a hearing on the Mantheys' motion on December 21, 1984, and issued the order appealed from on January 15, 1985. The order permits the state action to proceed, and if the Mantheys prevail, requires a hearing on dischargeability prior to enforcement of the state court judgment. The judge's order is consistent with the principles behind the bankruptcy law, which preclude a debtor from escaping liability for fraudulent actions. 11 U.S.C. § 523(a)(2)(A), 523(a)(6). The motion for termination of stay was filed prior to the November 5, 1984 deadline, and construing it as a motion for extension of time to determine dischargeability does not prejudice the debtors right to a fresh start should the Lamberts' actions in selling their home be found to have been fraudulent. The order appealed from simply maintains the status quo. Finding no abuse of discretion by the bankruptcy court, the motion for leave to appeal is denied.

IT IS THEREFORE ORDERED that the debtors' motion for leave to appeal is denied.