In re James C. COLLINS and Bonnie
L. Collins, Debtors.

ECKEL INDUSTRIES, INC., Plaintiff,

v.

James C. COLLINS and Bonnie
L. Collins, Defendant.

Bankruptcy No. 94–10902–MWV.
Adv. No. 94–1098–JEY.

United States Bankruptcy Court,
D. New Hampshire.

Sept. 9, 1994.

Timothy P. Smith, Manchester, NH, for debtors.

Andrew Wilson, Griffin & Wilson, P.C., Amherst, NH, for Peterborough Sav. Bank.

David P. Azarian, Michael, Jones & Wensley, Rochester, NH, for Eckel Industries.

Richard R. Erricola, Chapter 7 Trustee, Richard Erricola Co., Inc., Sutton, MA.

Geraldine Karonis, Asst. U.S. Trustee, Manchester, NH.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding is before the Court on the debtor's motion to dismiss for failure to timely file a complaint seeking a nondischargeability determination pursuant to 11 U.S.C. § 523(c) within the deadline specified by Bankruptcy Rule 4007(c). The deadline for filing complaints was set for July 25, 1994. Eckel Industries, Inc. filed their complaint on July 26, 1994 [1]. There is no

---

1. Eckel Industries was listed in the debtor's schedules as an unsecured creditor holding a

disputed claim of undetermined value. The claim arises pursuant to a lawsuit pending before

**252**

question that the complaint was actually filed one day beyond the deadline date.

■ Plaintiff's first argument is that the complaint should be deemed timely filed where evidence of proper mailing would presume delivery within the usual time. Specifically, since the complaint was properly executed, addressed, stamped and mailed three days prior to the deadline and the usual time for delivery from the originating town to the town where the Bankruptcy Court is located is one day, the complaint should be deemed timely filed notwithstanding the fact that it actually arrived at the Court one day after the filing deadline. E.g. *Matter of Kero–Sun, Inc.*, 63 B.R. 50 (Bankr.D.Conn.1986) (proof of claim properly executed and mailed to bankruptcy court ten months before the claims bar date is presumed to have been timely filed); *In re Smith*, 42 B.R. 927 (Bankr.D.Mass.1984) (complaint which was intended to be filed with the bankruptcy court but misdelivered to the district court is deemed to have been filed on the date of its original delivery pursuant to Bankruptcy Rule 5005(b)). While recognizing some courts have sustained this proposition under certain factual scenarios, this Court expressly rejects this contention.

■ The efficient administration of the bankruptcy estate depends on the imposition of deadlines. Both the debtor and the creditors benefit from the prompt resolution of the creditor's claims and determination of the debtor's proposed repayment terms.

> The purpose of the bankruptcy laws is quickly and effectively to settle bankrupt estates. *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 471–72, 15 L.Ed.2d 391 (1966). Under the Bankruptcy Code and [r]ules, creditors play a zero-sum game in which the failure to navigate effectively through various intricate procedures can mean total defeat. Moreover, because such procedures are thought to be necessary to protect the bankrupt and the creditors, exceptions cannot be made every time a creditor claims hardship.

*In re Robintech, Inc.*, 863 F.2d 393, 397–98 (5th Cir.), *cert. denied by* 493 U.S. 811, 110 S.Ct. 55, 107 L.Ed.2d 24 (1989). Although as a general matter, complaints to bar discharge or to determine dischargeability may be filed any time before or after the conclusion of the bankruptcy case, complaints to bar discharge or to determine dischargeability under § 523(a)(2) (fraud or false financial statement); § 523(a)(4) (fraud or defalcation acting as a fiduciary, embezzlement or larceny); or § 523(a)(6) (willful and malicious injury) are subject to a 60 day deadline for the filing of a complaint[2]. Bankruptcy Rule 4007(c). As previously stated, the policy behind the Rule is to promote the prompt administration of the bankruptcy estate and to facilitate the debtor's "fresh start."

> "The result [of the 60 day deadline] is automatic and sometimes leads to harsh results. However, Congress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors claiming that their claims were

the United States District Court for the District of Massachusetts, Civil Action No. 92–100991 by Eckel Industries, Inc. against the debtor for numerous allegations relating to the misappropriation of trade secrets, breach of contract, unfair acts and practices, intentional interference with contractual and business relations, breach of corporate fiduciary duty and civil conspiracy. In a bench ruling at the hearing on August 23, 1994, formalized by written order entered contemporaneously this date, the Court granted Eckel Industries, Inc. "Motion to Modify Stay" requesting permission to recommence the lawsuit in order that the amount of the claim against this estate may be liquidated and determined.

**2.** The purpose of the divergent treatment for complaints filed under section 523(a)(2), (4) and (6) is primarily due to a history of abuse by creditors bringing suits against the debtors on these particular grounds. See "The New Dischargeability Law," 45 Am.Bankr.L.J. 1, Vern C. Countryman. For this reason, Congress granted the Bankruptcy Court exclusive jurisdiction over these types of claims and consequently imposed a short deadline for filing such a complaint to ensure the prompt resolution of the bankruptcy estate.

not discharged because of fraud or a false financial statement."

*In re Kirsch,* 65 B.R. 297, 299–300 (Bankr. N.D.Ill.1986); See also *Neeley v. Murchison,* 815 F.2d 345, 346 (5th Cir.1987); *In re Hill,* 811 F.2d 484, 486–87 (9th Cir.1987); *Byrd v. Alton,* 837 F.2d 457 (11th Cir.1988). In light of the language of the Rule and the policy behind the words, this Court will not "deem" a complaint which was actually received beyond the deadline date to be timely filed.

 Plaintiff's second argument centers around the creditors' ability to file a motion to extend time to file a complaint as allowed by the rule [3]. The bankruptcy court cannot *sua sponte* extend the deadline to file dischargeability complaints under Rule 4007(c). The only way to extend the fixed date is upon motion filed before the deadline expires. *In re Kennerley,* 995 F.2d 145, 147 (9th Cir. 1993). Although Eckel Industries did not file a motion to extend before the deadline lapsed, they did file a Motion to Modify Stay requesting the Court to lift the automatic stay in order to proceed with a lawsuit pending in District Court. Citing the case of *In re Lambert,* 76 B.R. 131 (E.D.Wis.1985), Eckel Industries argues that the motion put the parties and the Court on notice of an intent to file a nondischargeability complaint and therefore the Court should construe the Motion to Modify Stay as a motion for extension of time for filing the dischargeability complaint.

In *Lambert,* on November 2, 1984, two days before the deadline for filing dischargeability determinations, the creditors filed a motion for termination of stay and attached a copy of the complaint they intended to file in the state court alleging misrepresentation and fraud in a home sale that involved the debtor. A hearing was held on December 21, at which time the Bankruptcy Court granted the motion stating that if the creditor prevailed in the state court litigation, a hearing on dischargeability would be required prior to the enforcement of the state court judgment. On January 15, the debtor filed a motion for leave to appeal and an appeal of

the December 21 Order. The District Court denied the motion for leave to appeal finding that the Bankruptcy Court acted within its discretion by construing the motion for termination of stay as a motion for extension of time to determine dischargeability in that this action did not prejudice the debtor's right to a "fresh start" but merely maintained the status quo.

The effect of the ruling in *Lambert* is clearly to allow a nondischargeability determination based on fraud grounds to be pursued in state court litigation post-bankruptcy even though no complaint to determine nondischargeability had been filed with the Bankruptcy Court within the deadline. That decision does support the creditors' argument to some extent but *Lambert* must be distinguished from the present situation because in *Lambert* the motion for termination of stay actually referred to a complaint to be filed with the state court and the complaint to be filed was attached. Moreover, unlike this case, the question of the dischargeability of the debt was addressed by the Court in the Order issued on the motion to terminate stay.

In the present case, the complaint in the civil court action was not attached to the Motion to Modify Stay that was presented to this Court within the deadline. Moreover, although the Motion to Modify Stay did generally refer to the nature of the District Court action, it did not allege the elements of § 523(a)(6) or even mention § 523(c) or otherwise explicitly indicate that any judgment rendered in the state court action would be have to be deemed nondischargeable against the debtors' assets in the bankruptcy court. Accordingly, the Court need not even reach the question of whether or not there is a notice-based exception to Bankruptcy Rule 4007, because the facts of this case are insufficient to raise that issue. See *Matter of McGuirt,* 879 F.2d 182 (5th Cir.1989) (general allegations of fraud in creditor's motion for relief from stay were insufficient to put debtor on notice of creditor's intention to contest dischargeability of any debt established in

---

3. "... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." Bankruptcy Rule 4007(c).

state court lawsuit). If the Court were to recognize the noticed-based exception on the facts involved here, every motion for stay relief involving state court litigation would render uncertain the tolling of the 60 day deadline and undermine the fresh start policy behind the Rule.

 In making its decision, the Court recognizes that under extraordinary circumstances, some courts, including this one, have used their equitable powers to extend the 60 day limitation absent a motion by the parties. *In re Anwiler,* 958 F.2d 925 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992) (court allowed untimely filing of complaint when mistake was caused by clerk's office erroneous notice of deadline for filing); *In re Themy,* 6 F.3d 688 (10th Cir.1993) (bankruptcy court could use equitable power to accept complaint by creditors filed beyond 60 day deadline but before deadline noticed by bankruptcy court); *In re Isaacman,* 26 F.3d 629 (6th Cir.1994) (court can use equitable power to permit nondischargeability complaint if creditor reasonably relied on court's erroneous statement of bar date); *In re Riso,* 48 B.R. 244 (Bankr.D.N.H. 1985), aff'd 57 B.R. 789 (D.N.H.1986) (bankruptcy court may use equitable powers to extend deadline for dischargeability complaints to date erroneously noticed by clerk's office). However, the cases to date are cases where the court notice itself misled the creditor by giving an incorrect date and are not based on grounds analogous to the ones presented here. Cf. *In re Williamson,* 15 F.3d 1037 (11th Cir.1994) (fact that notice from court state that deadline to file dischargeability complaints was "to be set" but then never was did not relieve creditor from 60 day time period prescribed by Rule 4007); *Neeley v. Murchison,* 815 F.2d 345 (5th Cir.1987) (clerk's office failure to provide notice of discharge deadline did not suspend running of time period under Rule 4007); *In re Diberto,* 136 B.R. 24 (Bankr.D.N.H.1992) (dischargeability deadline date is established as a matter of law regardless of clerk's office failure to notice creditors of bar date). Although this Court has exercised its power to recognize an equitable exception in situations in which *the Court itself* deflected timely action by an erroneous notice, the Court will not recognize exceptions that would in effect eat up the Rule. The bankruptcy system simply could not operate if every deadline, which by its nature can cut off someone's lawful rights, could be contested on equitable grounds.

For all these reasons, the Court finds that the complaint was not timely filed and is not within any recognizable exception. The debtor's motion to dismiss will be granted by separate order.