## In re Jeremy TRIBBLE.

### Bankruptcy No. 96–43991 S.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 31, 1997.

Todd L. Griffin, for creditor.

Randy Satterfield, Little Rock, AK, for debtor.

James F. Dowden, Trustee.

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Relief from Automatic Stay filed by Franklin Aaron ("Aaron") on October 18, 1996. This bankruptcy case was filed on October 8, 1996, with Franklin Aaron listed as a creditor. The date first set for the section 341(a) meeting of creditors was November 5, 1996. Accordingly, the date by which a complaint objecting to the discharge of the debtor or dischargeability of a debt was required to be filed was January 4, 1997. Fed.R.Bankr.Proc. 4004, 4007. The Court file reflects that Aaron was served with a copy of this notice. On October 18, 1996, Aaron filed a motion for relief from the automatic stay asserting that a civil lawsuit was pending in state court against the debtor in which there was a trial scheduled for January 10, 1997. The motion asserted that since the state court lawsuit was for wilful and malicious injury, the debt was nondischargeable, and the state court trial should go forward.

■ Federal Rule of Bankruptcy Procedure 4007(c) provides that complaints to determine dischargeability must be filed "not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." The rule regarding objections to discharge, Fed.R.Bankr. Proc. 4004 is, in substance, the same. These rules state a statute of limitations and are strictly construed. *In re De la Cruz,* 176 B.R. 19 (9th Cir. BAP 1994). Motions to extend the time period must be made before the time for filing such complaints has expired. *Edwards v. Whitfield (In re Whitfield),* 41 B.R. 734, 736 (Bankr.W.D.Ark. 1984) (Mixon, J.); *In re Biederman,* 165 B.R. 783 (Bankr.D.N.J.1994). Thus, unless a motion for extension was filed prior to January 4, 1997, the debt would be discharged such that a trial in state court to determine the amount of the debt, if any, would be meaningless.

■ Aaron argues that he received no notice of the bankruptcy filing such that he is entitled to an extension of the deadline. This assertion is factually and legally flawed. As a factual matter, the only evidence before the Court is that Aaron was listed as a creditor on the petition, filed on October 8, 1996, and that notice of the section 341(a) meeting was served upon Aaron on October 12, 1996, by United States mail, postage prepaid. While the motion asserts that neither Aaron nor his attorney received notice from the clerk, no evidence was placed into the record of such facts.

Secondly, Aaron's attorney had actual knowledge as of October 9, 1996, of the filing of the bankruptcy case and was thus on notice not only of the case, but of the fact that there was a deadline to file the appropriate complaint. *See generally Lompa v. Price (In re Price ),* 79 B.R. 888, 892 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1988) ("[A] creditor with actual notice of the bankruptcy must affirmatively protect his interest even when the debtor fails to schedule the creditor ... In such cases, the creditor must act to preserve his claim and failure to do so will not allow the creditor to later claim due process has not been satisfied. In this case, the appellee received notice of the bankruptcy approximately three months prior to the deadline for filing a section 523(c) complaint."); *In re Duncan,* 125 B.R. 247 (Bankr.W.D.Mo.1991).

■ Aaron argues that his motion for relief should be construed as a complaint objecting to discharge under Rule 4007. Although he incorrectly characterizes his cause of action as an exception to discharge under section 727(a), as opposed to an objection to dischargeability for wilful and malicious injury under section 523(a), the content of the motion and brief clearly raise issues under section 523(a), thereby putting the debtor on notice of the cause of action. Although the Court does not believe that the substance of the motion is sufficient to constitute a complaint under either section 727(a) or 523(a),[1]

---

1. Under the Bankruptcy Code and Rules, a complaint objecting to discharge and/or discharge-

there is substantial authority that the motion for relief filed before the deadline for filing objections to discharge and dischargeability may be treated as a motion for an extension of time to file a complaint objecting to dischargeability. *See In re Sherf,* 135 B.R. 810, 815 (Bankr.S.D.Tex.1991); *see also In re Lambert,* 76 B.R. 131 (E.D.Wis.1985). The motion filed in this case clearly provided the debtor with actual notice of the existence of Aaron's objection to dischargeability and the grounds upon which that objection was based. *Cf. Matter of McGuirt,* 879 F.2d 182 (5th Cir.1989) (discussing the relation-back doctrine). Further, it appears that the debtor, as well as Aaron, continued their litigation before the state court by preparing for trial, scheduled for January 1997. Thus, the debtor had actual notice of the dischargeability claim against him such that the motion is appropriately construed as a timely motion for an extension of time to file the dischargeability complaint under section 523(a)(6).

The Court notes, however, that Aaron must prove his contention of wilful and malicious injury either before this Court or in state court. To avoid duplication of judicial resources, the Court deems it appropriate that the matter proceed in state court. However, there must still be filed *immediately* a proper complaint, setting forth the appropriate allegations, *see generally* Fed.R.Bankr. Proc. Part VII. Accordingly, it is

**ORDERED:** as follows:

1. The Motion for Relief from Automatic Stay filed by Franklin Aaron on October 18, 1996, is GRANTED.

2. The Motion for Relief from Automatic Stay is hereby also deemed an extension of time to file an objection to dischargeability.

3. The appropriate complaint shall be filed with the clerk within ten (10) days of entry of this Order. Should Aaron fail to timely and properly file the complaint as

---

ability is a separate adversary proceeding—a separate law suit—in which a proper complaint, Fed.R.Bankr.Proc. 7008, must be filed, a summons issued, and properly served upon the defendant. *See generally* Fed.R.Bankr.Proc. 4004, 4007, Part VII. The fact that the Aaron paid a filing fee to the clerk for the motion for relief from stay, an amount less than half of the fee for filing an adversary proceeding, is irrelevant.

directed in this Order, Aaron will be foreclosed from filing a complaint objecting to discharge or dischargeability such that the debt will be dischargeable in this bankruptcy case.[2]

**IT IS SO ORDERED.**

---

**2.** Of course, in such a circumstance, there would be no justifiable issue pending before the state court. It would be a waste of the state court's resources to proceed to trial on a debt subject to discharge.