**In re Howard WEINSTEIN, Debtor.**

**Bankruptcy No. 899–90841–478.**

United States Bankruptcy Court,
E.D. New York.

June 16, 1999.

Charles D. Franken, Plantation, FL, Counsel to James Keen and United Metal Co.

Ochs & Goldberg, By Martin Ochs, New York City, Counsel to Howard Weinstein.

Bonita Bequet, Garden City, NY, Chapter 7 Trustee.

## MEMORANDUM DECISION GRANTING MOTION TO EXTEND TIME TO FILE A COMPLAINT OBJECTING TO DISCHARGEABILITY

DOROTHY EISENBERG, Bankruptcy Judge.

James Keen and United Metal Co. (the "Movants") filed a motion seeking to extend their time to file a complaint objecting to the dischargeability of any debt owed to them by Howard I. Weinstein (the "Debtor") pursuant to an arbitration hearing pending before the National Association of Securities Dealers regarding alleged securities fraud perpetrated by the Debtor. The Debtor objects, claiming that the motion filed by the Movants incorrect-

ly refers to Bankruptcy Rule 4004 and to the discharge of the Debtor. The Debtor further claims that the Movants have not proven sufficient cause for the granting of the relief requested. Based on the facts of the case, including that the motion filed by the Movants placed the Debtor on actual notice that the Movants seek an extension of time to object to the dischargeability of any debt owed to them resulting from the securities arbitration, the Court grants the motion.

### FACTS

On October 27, 1998, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Movants are listed as creditors on Schedule "F" of the Debtor's petition, with a claim (the "Claim") in an "Unknown" amount. The Claim arose in connection with an arbitration hearing before the National Association of Securities Dealers ("NASD"), in Fort Lauderdale, Florida, which action was commenced in March 1998. Pursuant to the arbitration pending before the NASD, Movants allege that the Debtor fraudulently induced the Movants to enter into various securities transactions in which the Movants lost money. The deadline for filing complaints to object to the Debtor's discharge or dischargeability of debts was fixed by the Clerk as February 5, 1999 (the "Bar Date"). On January 6, 1999, the Movants filed a "Motion for Relief from the Automatic Stay, and Motion to Extend Time for Filing Complaint to Object to Discharge Petition," and annexed a copy of the petition pending before the NASD which outlines the Movants' allegations of fraud against the Debtor. In the lift stay motion, the Movants refer to Section 523 of the Bankruptcy Code but state that they are seeking an extension of time to object to the discharge of the Debtor. On January 22, 1999, the Movants filed an amended "Notice of Presentation of Order Granting Relief from Stay" which states that the Movants seek to vacate the stay to continue

the NASD arbitration to the point of obtaining an award. Simultaneously, on January 22, 1999, a date which was prior to the Bar Date, the Movants filed a motion with the Court entitled "Notice of Motion for Extension of Time", (the "First Motion") in which the Movants requested an extension of time pursuant to Bankruptcy Rule 4004(b) and Local Rule 9006–1 to file an adversary complaint "objecting to the discharge of the debtor." Despite the fact that the Movants appeared to be requesting an extension of time to object solely to the discharge of the Debtor, even a cursory review of the First Motion reveals that the Movants alleged claims against the Debtor pursuant to Sections 523(a)(2)(A), (a)(2)(B), and (a)(4). The Movants specifically state in the First Motion that the basis for the complaint to be filed was alleged securities fraud perpetrated by the Debtor, and the Movants cite to the relevant portions of Section 523 regarding dischargeability of a debt.

On February 25, 1999, the Debtor filed opposition to the First Motion, asserting that the Movants failed to establish cause for extending the time to file a complaint objecting to discharge. The Movants did not address the fact that the body of the First Motion solely concerned dischargeability and not discharge. On March 5, 1999, the Movants filed an "Amended Motion to Extend Time for Filing Complaint to Object to Dischargeability of Debt" (the "Amended Motion"). In the Amended Motion, the Movants recite Bankruptcy Rule 4007(c), which concerns the deadline for filing a complaint objecting to dischargeability pursuant to Section 523(a)(2), (4) or (6), and Local Rule 9006–1, which concerns the time for service and filing motions and answering papers. The Amended Motion was filed after the Bar Date. The matter was heard and argued on March 30, 1999, and the Court reserved thereafter. The Movant's motion to vacate the stay to continue the NASD action is returnable on June 22, 1999. The Debtor has filed opposition to the motion to vacate the stay as well, alleging that vacatur of the stay is inappropriate given that the Movants failed to file either a timely complaint objecting to the dischargeability of the debt owed to them or a timely request for an extension of time to file such complaint.

## DISCUSSION

■ The first issue before the Court is whether the Movants timely sought an extension of time to object to the dischargeability of any debt arising from the arbitration before the NASD when the First Motion failed to cite to the proper Bankruptcy Rule pursuant to Section 523 of the Bankruptcy Code, and the Movants requested an extension of time to object to discharge, not dischargeability.

■ Bankruptcy Rule 4007(c) requires a plaintiff to file a complaint objecting to the dischargeability of a debt, or a motion to extend the plaintiff's time to file such a complaint, within 60 days following the first date set for the meeting of creditors pursuant to Section 341 of the Bankruptcy Code. The time period imposed by Bankruptcy Rule 4007(c) is a statutory filing deadline, subject only to the defenses of waiver, estoppel and equitable tolling. *In re Benedict,* 90 F.3d 50 (2nd Cir.1996).

The Debtor relies on the case of *In re Ham,* 174 B.R. 104 (Bankr.S.D.Ill.1994) for the proposition that the Court cannot treat a request to extend the time to object to discharge as a request to extend time to object to dischargeability. While the Court agrees that the words "discharge" and "dischargeability" cannot be used interchangeably, the facts of this case require a result different from the decision in *In re Ham.* Unlike the *Ham* case, counsel to the Movants clearly made a mistake in characterizing the First Motion as a motion to extend time to object to discharge. The text and substance of the First Motion clarifies that the Movants intended to obtain an extension of time to object to the dischargeability of the debt owed to Movants, and properly referred to Section 523 of the Bankruptcy Code,

thereby placing the Debtor on notice that they sought to object to dischargeability of their debt. Counsel to the Movants, who is from Florida and may not have been well versed in bankruptcy, merely made an error in the description of the motion. In fact, counsel for the Movants corrected the error prior to the hearing date to indicate that the Movants seek to extend their time to object to dischargeability of the debt owed by the Debtor to the Movants, in the event the NASD renders an award in favor of the Movants.

The weight of authority supports the Movants' position regarding this issue. *In re Sherf*, 135 B.R. 810 (Bankr.S.D.Tex. 1991) is instructive on the Court's authority to look beyond the labels affixed to a document filed with the Court to ascertain the type of relief actually requested therein. In the *Sherf* case, the bankruptcy court was faced with whether to deem an "objection" to discharge and a "complaint" objecting to discharge, which did not have a separate adversary proceeding annexed and where no filing fee for a complaint was paid, as a motion extending the Movants's time to object to discharge, where both documents were filed prior to the bar date. The bankruptcy court held that a pleading filed before the bar date which "puts the debtor on notice as to the creditors' objections, may be treated as a motion to extend time for filing a complaint". *In re Sherf*, 135 B.R. at 815. In so finding, the bankruptcy court relied on the case of *In re Lambert*, 76 B.R. 131 (E.D.Wis.1985), in which the creditors filed a motion for termination of stay and a copy of a complaint they intended to file in state court alleging misrepresentation and fraud in regard to a home they bought from the debtors. The Court held that the motion for relief from stay could be construed as a motion to extend the time for filing a complaint to determine the dischargeability of a debt, given the attachment to the motion.

Similarly, in *In re Tribble*, 205 B.R. 405 (Bankr.E.D.Ark.1997), the Bankruptcy Court construed a motion seeking to vacate the stay to permit an action to proceed to constitute a motion seeking to extend the time to file a complaint objecting to dischargeability. Although the lift stay motion incorrectly referred to the cause of action as one under Section 727 of the Bankruptcy Code, the content of the motion and the accompanying brief raised issues under Section 523(a) of the Bankruptcy Code, placing the debtor on notice of the cause of action and the grounds upon which the objection was based. *Id.* at 407. Therefore, the Bankruptcy Court deemed the motion to constitute a timely motion to extend the creditor's time to file a complaint objecting to dischargeability of the debt.

In addition, the Movants in this case filed a motion seeking to vacate the stay and annexed a copy of the NASD petition, and made references in the motion to Section 523 of the Bankruptcy Code. Given the number of times the Movants served the Debtor with papers concerning the NASD petition and their allegations that any judgment resulting from the NASD petition would result in the filing of a complaint pursuant to Section 523 of the Bankruptcy Code, the Debtor cannot now assert that he had no notice of the Movants' intentions, despite the mistakes contained in the Movants' pleadings.

In examining the contents of the First Motion and the Amended Motion, there can be no mistake that the Movants sought to extend their time to file a complaint objecting to the dischargeability of any debt owed by the Debtor arising from the securities fraud action the Movants commenced before the NASD. Notwithstanding the error in the labeling of the nature of the relief requested in the original motion, the Debtor was effectively put on notice that the Movants were requesting an extension of time to object to the dischargeability of the debt owed to them by virtue of the text and substance of the First Motion. In addition, the error made by the Movants was corrected with the filing of the Amended Motion, which was

received prior to the hearing date, indicating the intent to pursue Section 523 relief and striking all references to discharge. The Debtor unequivocally had sufficient notice that the Movants were seeking an extension of time to object to dischargeability, not discharge.

The Court and the Debtor are not bound to determine the nature of a document filed in court merely by its label. As the Bankruptcy Court held in *In re Arkin–Medo., Inc.*, 44 B.R. 138 (Bankr. S.D.N.Y.1984), form shall not be elevated over substance where the document filed complies with the requirements of the Bankruptcy Rules. In this instance, the First Motion complies with Bankruptcy Rule 4007(c) as the body of the First Motion refers to Section 523 of the Bankruptcy Code, which governs dischargeability of debts. Although the Movants incorrectly cite to Bankruptcy Rule 4004(b) which governs motions to extend the time to file a complaint objecting to discharge and refer to the First Motion as an "Objection to the Debtor's Discharge," upon reading the First Motion it is clear that the Movants seek to obtain relief pursuant to Bankruptcy Rule 4007(c). The Court shall not read the inartfully drawn First Motion so strictly so as to ignore the references to Section 523 of the Bankruptcy Code.

The Court deems the First Motion to constitute a timely request for an extension of time by the Movants to file a complaint objecting to the dischargeability of a debt. Therefore, since the pleadings do not provide substantive grounds for the filing of an adversary proceeding pursuant to Section 727 of the Bankruptcy Code, the Movants are time barred from filing a complaint objecting to the discharge of the Debtor.

The second issue raised by the Debtor is whether the Movants have established cause to warrant an extension of time to file a complaint objecting to dischargeability. In general, the deadlines provided in the Bankruptcy Rules "are to be interpreted strictly and in a manner consistent with the Code's policies in favor of providing a fresh start for the debtor and prompt administration of the case." *Dombroff v. Greene (In re Dombroff)*, 192 B.R. 615, 621 (S.D.N.Y.1996) (citing *Taylor v. Freeland & Kronz*, 938 F.2d 420 (3d Cir.1991), *aff'd*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Dollinger v. Poskanzer (In re Poskanzer)*, 146 B.R. 125, 132 (D.N.J.1992)). The party moving under Bankruptcy Rule 4007 must demonstrate cause for the extension of time or the request shall be denied.

In this case, the Movants have demonstrated sufficient cause for the granting of the motion. The NASD action, which will fix liability and the amount of the debt in question, must take place prior to the commencement of an adversary proceeding in this Court. The NASD action may make findings which will act as *res judicata* as to relevant issues in the nondischargeability action to be commenced in this Court, or they may find for the Debtor, in which case there would be no debt owed by the Debtor to the Movants. Therefore, the request for an extension of time to the conclusion of the NASD action is appropriate, and will conserve judicial resources. The Court notes that the Movants have also requested relief from the stay to continue the NASD action, which is returnable on June 22, 1999. Vacatur of the stay is appropriate to permit the NASD action to make its findings, however, the Movants shall be precluded from execution on any judgment pending the outcome of the adversary proceeding to be commenced by the Movants pursuant to Section 523 of the Bankruptcy Code, and further order of this Court.

## CONCLUSION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).

2. The Movants' motion seeking to extend their time to file a complaint object-

ing to dischargeability was timely filed, and placed the Debtor on notice that such relief was being sought.

3. The Movants have provided adequate cause for the granting of the relief requested.

4. The Movants request to vacate the stay is granted.

5. The Movants' time for filing a complaint objecting to dischargeability of their debt is extended to ten days after an order is entered in the NASD proceeding.

6. The Movants are stayed from execution on any judgment until the completion of its adversary proceeding filed in this Court.

Settle an Order in accordance with this decision.