In re Charles NOLL, Debtor.

Charles Noll, Appellant,

v.

Keith R. Noll and Kraig Noll and Kyle Noll, Appellees.

No. 8:99–1922–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

April 11, 2000.

Bernard Jay Morse, IV, Morse, Berman & Gomez, P.A., Tampa, FL, for appellant.

R. Wade Wetherington, R. Wade Wetherington, P.A., Tampa, FL, for appellees.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on appeal from a judgment entered June 23, 1999, by the Honorable C. Timothy Corcoran III, Bankruptcy Judge for the United States Bankruptcy Court for the Middle District of Florida.

## I. STANDARD OF REVIEW

 When the District Court reviews factual findings made by a Bankruptcy Court, those findings must be upheld unless they are found to be clearly erroneous. *In re Downtown Properties, Ltd.*, 794 F.2d 647 (11th Cir.1986). Equitable determinations that are made by the Bankruptcy Court are subject to an abuse of discretion standard. *Id.* Legal conclusions and the legal significance accorded to facts are reviewed *de novo*. *In re Owen*, 86 B.R. 691 (M.D.Fla.1988).

## II. FACTUAL BACKGROUND

George E. Noll established a trust on May 9, 1980, appointing Appellant, Charles Noll, as trustee. The trust was for the benefit of the living grandchildren of George E. Noll, the Appellees: Keith, Kraig, and Kyle Noll.

On February 23, 1998, Appellant filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. Pursuant to § 341 of the Bankruptcy Code, the first meeting of the creditors was scheduled for March 25, 1998. On May 26, 1998, Keith Noll filed a timely motion entitled *Motion of Keith Noll for Extension of Time to File a Complaint Objecting to Discharge*, which cited to Bankruptcy Rule 4004 and requested an extension of time to file a "Complaint Objecting to Discharge."

Just over one month later, on June 30, 1998, a hearing on Keith Noll's motion occurred in Bankruptcy Court before Judge Corcoran. In the course of the hearing, Judge Corcoran addressed the language of Keith Noll's motion and allowed him to amend his motion to include a time extension, pursuant to Rule 4007, to file a complaint to obtain a determination of the dischargeability of the debt. In addition, the judge also granted him his original request, an extension of time to file a complaint objecting to the discharge. Both complaints must have been filed by August 1, 1998. On July 31, 1998, the Appellees instituted an adversary proceeding against the Appellant by filing a complaint objecting to the dischargeability of a debt pursuant to § 523 of the Bankruptcy Code.

The Appellant filed a motion to dismiss the complaint alleging that, among other things, the Appellees failed to meet the sixty day deadline in which to file a complaint objecting to the dischargeability of a debt pursuant to § 523 of the Bankruptcy Code. The motion was denied. At the Final Evidentiary Hearing, the judge was forced to strike Appellant's answer and enter a default judgment against Appellant for his nonparticipation in the proceeding and failure to cooperate to any degree with the Bankruptcy Court. Judge Corcoran entered the default judgment for the Appellees, which granted them a determination that their debt was exempted from discharge, in addition to certain monetary

awards and costs under Counts IV and V of their complaint, respectively.

## III. DISCUSSION

The sole legal issue on appeal is whether the Complaint Objecting to Dischargeability of Claim pursuant to § 523 of the Bankruptcy Code filed by the Appellees was timely, or was it barred by Rule 4007 of the Rules of Bankruptcy Procedure. In other words, was the Bankruptcy Court correct in allowing the Appellee's to amend their motion for an extension of time to file a complaint objecting to discharge under Rule 4004 to include an extension of time to file a complaint to obtain a determination of the dischargeability of the debt under Rule 4007. Since this involves a legal determination by the lower court, this Court reviews the issue *de novo.*

Appellant divides his argument into two main points. First, that the Bankruptcy Court erred in allowing the Appellants to amend their motion to include an extension of time for a complaint to obtain a determination of the dischargeability of the debt. Second, the motion was untimely as to two of the Appellants, Kraig and Kyle Noll, because the original motion for an extension of time and the resulting order of the Bankruptcy Court did not include them as parties to the action.

Addressing the Appellants first argument, Rule 4004 of the Bankruptcy Rules, which governs the procedure for filing a complaint under § 727 or motion for an extension of time to file the complaint, provides:

(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

(b) Extension of Time. On motion of any party in interest, after heating on notice, the court may extend for cause the time for filing a complaint objecting

to discharge. The motion shall be made before such time has expired.

In contrast to § 523 of the Bankruptcy Code, § 727 acts as a total denial of discharge of any debts, which allows all the creditors to have a claim against the debtor and his assets, present or future. *See In re Coggin,* 30 F.3d 1443, 1452 (11th Cir.1994). On the other hand, § 523 assumes that a general discharge of the debts is allowed, but some specified debts are exempted from discharge. *See In re Billings,* 146 B.R. 431, 434 (Bankr.N.D.Ill. 1992). Under § 523, specific debts are excluded from discharge because the debtor acted in "and improper manner at the time the he or she incurred the specific debt." *Id.* Section 523 of the Bankruptcy Code is governed by Rule 4007, which states in part:

(b) Time for commencing proceeding other than under § 523(c) of the Code

A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Therefore, the deadline for either a motion to extend the time to file a complaint objecting to discharge or a motion to ex-

tend the time to file a motion to obtain a determination of dischargeability are the same, sixty days after the date set for the first creditors meeting.

In the case before this Court, the Appellee's filed a motion under Rule 4004 for an extension of time to file a complaint under § 727 on May 26, 1998, thus meeting the deadline imposed by the rules. However, at the hearing, the Bankruptcy Judge extended the time to file a complaint under § 523 of the Bankruptcy Code as well. The issue then becomes whether a motion seeking an extension of time under Rule 4004 can act so to include an extension of time under Rule 4007, which is then granted by the Bankruptcy Court.

There is general agreement that "any motion to extend the time period for filing a dischargeability complaint must be made before the running of that period." *In re Alton,* 837 F.2d 457, 459 (11th Cir. 1988). Several courts have addressed similar situations to the issue in this case. *See In re Weinstein,* 234 B.R. 862 (Bankr. E.D.N.Y.1999); *In re Ham,* 174 B.R. 104 (Bankr.S.D.Ill.1994). *In re Weinstein* involved an almost identical situation, with one exception. The court in *In re Weinstein* allowed the extension to include time to file a complaint to determine dischargeability based on two factors. *See id.* at 865–66. The original motion was mislabeled "Objection to the Debtor's Discharge" and referenced Rule 4004, while the body of the motion referred to § 523. See id. In addition, the creditor amended the motion prior to the hearing, which placed the debtor on further notice. *See id.* "The Court and the Debtor are not bound to determine the nature of a document filed in court merely by its label ... form shall not be elevated over substance." *Id.* at 866.

The facts in this case show no notice of a possible Rule 4007 motion supplied to the Appellant prior to the hearing. In addition, the Appellee's original motion is clearly titled *Motion of Keith Noll For Extension of Time to File Complaint Objecting to Discharge* and refers only to Rule 4004 and a "Complaint Objecting to Discharge." The Eleventh Circuit has held that a request for an extension of time under Rule 4007 "must be filed before the time period for filing a dischargeability complaint has run." *In re Alton,* 837 F.2d at 458. While it is clear that the facts of this case show that the Appellee's were wronged by the Appellant, bad law cannot be allowed to be established. *See id.* at 459. Since no motion for an extension of time pursuant to Rule 4007 was filed prior to the deadline, the Bankruptcy Judge erred in allowing the Appellees to amend their motion to include an extension of time to file a complaint under § 523 of the Bankruptcy Code. The Appellants second argument under the issue is unnecessary in light of this Court's determination. Accordingly, it is

ORDERED that the Appellant's Bankruptcy Appeal (Docket No. 37) be **GRANTED,** and the judgment of the Bankruptcy Court be **REVERSED** and **REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.