In re Charles Herbert WARREN a/k/a Charlie Warren f/d/b/a F/V Adam's Rib, Debtor.

Rosemary WENTWORTH, Plaintiff,

v.

Charles H. WARREN Harvey J. Putterbaugh, Trustee Damariscotta Bank & Trust Co., Defendants.

Bankruptcy No. 181–00171.
Adv. No. 181–0111.

United States Bankruptcy Court,
D. Maine.

June 11, 1982.

Steven Fletcher, Rockland, Me., for plaintiff.

Guy P. Seaberg, Lynch & Seaberg, Damariscotta, Me., for defendant Warren.

Edward G. Dardis, Howard & Bowie, Damariscotta, Me., for defendant Damariscotta.

Harvey J. Putterbaugh, Portland, Me., trustee for debtor/defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The plaintiff filed on September 23, 1981, at 5:55 p. m. a pleading entitled "Complaint: Objection to Discharge and to Determine the Dischargeability of Debts." By order of the court, September 23, 1981 had been set as the last day for filing a complaint either to object to discharge under 11 U.S.C. § 727 or to object to the dischargeability of a debt under 11 U.S.C. § 523. A pre-trial conference was held on April 21, 1982, at which time a motion was made to dismiss the complaint as untimely filed. At the pre-trial conference, plaintiff's counsel represented to the court that plaintiff was not, in fact, objecting to the debtor's discharge, but rather sought only to determine the dischargeability of specific debts. Counsel was ordered to amend the complaint accordingly.

A review of the original complaint reveals that, in fact, plaintiff did not ask this court to deny debtor a discharge.[1] Nor does the complaint on its face allege facts which would support a denial of discharge pursuant to 11 U.S.C. § 727. The sole indication that plaintiff sought to deny debtor's discharge is found in the caption of the pleading, where the pleading is entitled "Complaint: Objection to Discharge...."

> The caption of a complaint constitutes no part of the statement of the cause of action, and the rights of the parties to relief cannot be made to depend upon what may appear in the caption of the case. The caption is no part of the pleading, unless made so by express reference thereto in the pleading itself.

*Lund ex rel. Wilbur v. Pratt,* 308 A.2d 554, 557 (Me.1973); *see Conn. v. United States,* 366 F.2d 1019, 1021 (Ct.Cl.1966) ("It is now settled that the descriptive label affixed to a claim for pleading purposes is not determinative of its real nature."). This pleading does not expressly refer to the caption. Thus, it appears that the original complaint raised only the issue of dischargeability of specific debts.

In response to the court's order to amend, the plaintiff has filed an amended com-

---

1. Plaintiff requested the following relief in her complaint:

   WHEREFORE, Plaintiff respectfully requests this Court to Order that said alimony judgment be held nondischargeable, along with all accrued interest; that Damariscotta Bank and Trust Company satisfy any indebtedness remaining after the sale of said vessel by resort to other assets of the Debtor; that the Debtor indemnify Plaintiff for any amounts for which she is liable to Damariscotta Bank and Trust Company and that said obligation to indemnify not be discharged; that Plaintiff be granted leave to amend this Complaint should it be deemed insufficient in any respect; that a hearing be held upon such notice as this Court deems just and proper.

plaint which proposes, *inter alia*, to add to the relief requested in the original complaint the following: "WHEREFORE, Plaintiff respectfully requests that Defendant Charles H. Warren be denied a discharge in bankruptcy...." The issues currently before the court are (1) whether the original complaint was timely filed, and (2) whether to permit plaintiff to amend the complaint in the manner described above.

 Defendant contends that to be timely filed, the complaint had to have been filed with the court before the close of business on September 23, 1981 (*i.e.*, before 5:00 p. m.). Defendant argues, that filing at 5:55 p. m. on September 23rd was untimely. Bankruptcy Rule 501(a), however, states in part: "The courts of bankruptcy shall be deemed always open for the purpose of filing any pleading...." Because plaintiff's complaint was, in fact, filed on September 23rd (the last day for filing complaints to dischargeability of debts), it was timely filed. *See generally* 12 C. Wright and A. Miller, *Federal Practice and Procedure*, § 3081 (1973) (discussing Fed.R.Civ.P. 77(a)).

Pursuant to Bankruptcy Rule 715, a party may amend a pleading after responsive pleadings have been served only by leave of court or by written consent of the adverse party. No written consent has here been given, and the leave of court to amend granted at the pretrial conference was to permit *deletion* of references to objections to discharge, not to *add* such references. The court is aware that leave to amend should be freely given when justice so requires. *See* Bankruptcy Rule 715; Fed.R. Civ.P. 15(a). Here, however, it would be unjust to the debtor to permit the requested amendment. As discussed above, the original pleading did not state a claim under 11 U.S.C. § 727, and the relief sought did not include denial of debtor's discharge. To permit the plaintiff to amend the complaint to request such relief would be tantamount

to extending the time for filing a complaint objecting to discharge by over eight months. Such an extension could not be granted without a showing of excusable neglect,[2] and plaintiff has made no such showing. Justice does not require this court to permit the plaintiff to do indirectly what she could not do directly.[3] Plaintiff will not be permitted to amend the complaint so as to request denial of the debtor's discharge.

Enter order.

---

2. Bankruptcy Rules 404(c), 906(b); *see In re Gideon*, 17 B.R. 826 (Bkrtcy.D.Me.1982) (discussing extending the time for filing a complaint for dischargeability of a specific debt).

3. In addition, the plaintiff may well have waived her objections to discharge at the pretrial conference. *See* Bankruptcy Rule 716; Fed.R.Civ.P. 16.