**In re Toney Kim RAY, Debtor.**

**Myong S. CAMPANA, Jae Cheol Chang, et al., Plaintiffs,**

v.

**Toney Kim RAY, Defendant.**

**Bankruptcy No. 82–00024.**
**Adv. No. 82–0044.**

United States Bankruptcy Court,
D. Hawaii.

May 29, 1985.

Kenneth H. Nakamura, Honolulu, Hawaii, for debtor/defendant.

Ronald Au, Honolulu, Hawaii, for plaintiffs.

## ORDER RE: MOTION TO AMEND COMPLAINT

JON J. CHINEN, Bankruptcy Judge.

Towards the close of the hearing on the Complaint for Determination of Dischargeability of Debts, on December 18, 1984, after Debtor's counsel had made an oral motion to dismiss the Complaint for failure on the part of Plaintiffs to prove their case, Plaintiffs' counsel made an oral motion to amend their Complaint to request denial of Debtor's discharge rather than the denial of certain debts under 11 U.S.C. § 523 as originally requested in the Complaint. Plaintiffs contend that this Court should permit the amendment of the Complaint to conform to the evidence presented. The Court took the matter under advisement to permit counsel to file their memoranda.

Based upon the memoranda filed, the records in the case and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Toney Kim Ray ("Debtor") filed her petition in Bankruptcy on January 13, 1982. On March 3, 1982, an Order was issued by this Court and was served upon all the creditors listed in the petition. The Order provided that April 16, 1982 was the last day for the filing of objections to the discharge of the Debtor or for the filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. Section 523(c).

On March 15, 1982, twenty-one (21) individuals ("Plaintiffs") filed a Complaint for Determination of Dischargeability of Debts. The Debtor filed her Answer to the Complaint on April 14, 1982, denying all the pertinent allegations in the Complaint.

No motion had been filed for an extension of time for the filing of a complaint objecting to the discharge of debtor. On August 5, 1983, a pre-trial conference was held, at which time the Court scheduled five days of hearings, commencing on January 16, 1984 and ending on January 24, 1984. The hearings were rescheduled for January 15, June 15, June 26, June 27, December 17 and December 18, 1984. At the hearings, Plaintiffs were represented by Ronald G.S. Au, Esq. and Wayne S. Mukaida, Esq., and the Debtor was represented by Kenneth H. Nakamura, Esq.

On December 17, 1984, after the Plaintiffs had rested their case, the Debtor's counsel orally moved for dismissal of the Complaint for Plaintiffs' failure to satisfy the requirements of 11 U.S.C. § 523. In response, Plaintiffs' counsel orally moved for permission to amend the Complaint to object to the discharge of the Debtor.

### CONCLUSIONS OF LAW

The pertinent provisions of Bankruptcy Rule 4004, covering the grant or denial of discharge provides as follows:

(a) *Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.* In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

(b) *Extension of Time.* On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

In the instant case, the Court had set April 16, 1982 as the last day for the filing of objections to the discharge of the debtor and for the filing of a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. Section 523(c). No Motion was filed for an extension of time for filing a complaint objecting to discharge of the debtor. Instead, Plaintiffs filed a Complaint for Determination of Dischargeability of Debts.

In *In re Warren,* 20 B.R. 900 (Bkrtcy.D. Me.1982) the Court faced a similar situation and held as follows:

> Pursuant to Bankruptcy Rule 715, a party may amend a pleading after responsive pleadings have been served only by leave of court or by written consent of the adverse party. No written consent has here been given, and the leave of court to amend granted at the pretrial conference was to permit deletion of references to objections to discharge, not to add such references. The court is aware that leave to amend should be freely given when justice so requires. *See* Bankruptcy Rule 715; Fed.R.Civ.P. 15(a). Here, however, it would be unjust to the debtor to permit the requested amendment. As discussed above, the original pleading did not state a claim under 11 U.S.C. § 727, and the relief sought did not include denial of debtor's discharge. To permit the plaintiff to amend the complaint to request such relief would be tantamount to extending the time for filing a complaint objecting to discharge by over eight months. Such an extension could not be granted without a showing of excusable neglect, and plaintiff has made no such showing. Justice does not require this court to permit the plaintiff to do indirectly what she could not do directly. Plaintiff will not be permitted to amend the complaint

so as to request denial of the debtor's discharge. (footnote omitted).

In the instant case, after Plaintiffs filed their Complaint, Debtor filed her Answer. Since Debtor served her responsive pleadings upon Plaintiffs' counsel, the Complaint may be amended only by written consent of Debtor or by leave of Court.

No written consent has been filed in this case. And, the Plaintiffs did not ask for leave of court to amend the Complaint. In fact, Plaintiffs sought to amend the Complaint to conform to the proofs only after they had rested and the Debtor had moved for a dismissal of the Complaint for failure on the part of Plaintiffs to satisfy the elements required under Section 523.

To now permit Plaintiffs to amend the Complaint to deny Debtor's Discharge would be tantamount to extending the time for filing a complaint objecting to discharge by over three years. No excusable neglect has been shown to justify such an extension. Thus, Plaintiffs will not be permitted to do indirectly what they cannot do directly. Plaintiff's Motion to Amend the Complaint is hereby denied.