**In re Gary HARRISON and Margaret J. Harrison, Debtors.**

**AUSTIN FARM CENTER, INC., Plaintiff,**

**v.**

**Gary HARRISON and Margaret J. Harrison, Defendants.**

**Bankruptcy No. 3–85–614.**
**Adv. No. 3–85–157.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

March 4, 1987.

---

Lee W. Mosher, Golden Valley, Minn., for plaintiff.

David A. Joerg, Preston, Minn., for defendants.

## ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT IN ADVERSARY PROCEEDINGS

GREGORY F. KISHEL, Bankruptcy Judge.

This adversary proceeding came on before the undersigned United States Bankruptcy Judge on February 19, 1987, upon Plaintiff's motion for leave to amend its Complaint. Plaintiff appeared by its attorney, Lee W. Mosher. Defendants (hereinafter "Debtors") appeared by their attorney, David A. Joerg. Upon the moving and responsive documents, arguments of counsel, and all of the other files, records, and proceedings in this adversary proceeding, the Court determines that Plaintiff's motion must be denied.

Debtors commenced a Chapter 7 bankruptcy case in this Court by filing a voluntary petition on March 22, 1985. On June 18, 1985, Plaintiff timely commenced this adversary proceeding, in which it objects to Debtors' discharge in bankruptcy under 11 U.S.C. § 727(a). Plaintiff was then represented by counsel other than its present attorneys. Plaintiff's Complaint alleges that it sold agricultural chemicals and products to Debtors on an open account basis during 1983–4, and that Debtors secured the balance on the account by granting Plaintiff a security interest in growing crops and a real estate mortgage in early May, 1984. Plaintiff alleges that at some point within the year immediately preceding their bankruptcy filing Debtors sold, transferred, or removed the secured crops in violation of 11 U.S.C. § 727(a)(2). It also alleges that Debtors failed to keep adequate books and records in contravention of 11 U.S.C. § 727(a)(3), and made false statements, oaths, or claims in their bankruptcy schedules and/or during the course of their bankruptcy case, in contravention of 11 U.S.C. § 727(a)(4). The Complaint does not set forth specific facts to support the latter two objections to discharge.

Debtors' Answer specifically denies all of Plaintiff's objections to discharge and joins by way of counterclaim and/or offset their claims that Plaintiff provided them with defective seed and herbicides and that Plaintiff's employees negligently damaged Debtors' farming equipment during the course of delivery of products. Debtors also allege Plaintiff "overcharged" for its products and that its credit practices violated Minnesota state usury statutes.

In its original Complaint, Plaintiff did not plead the nondischargeability of Debtors' individual debt to it under 11 U.S.C. § 523(a). The Notice of Meeting of Creditors in Debtors' case set July 15, 1985, as the last day to timely file complaints under 11 U.S.C. §§ 523(a) and 727(a). Plaintiff never moved for an extension of that deadline. It now moves for leave to amend its complaint to add a count based on 11 U.S.C. § 523(a)(6), arguing that the facts underlying its Complaint objecting to discharge would also support a dischargeability proceeding.

The resolution of Plaintiff's motion requires the Court to consider the interaction and overlay of two procedural rules. FED. R.CIV.P. 15(a) is made applicable to this adversary proceeding by BANKR.R. 7015, and provides in pertinent part as follows:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served ... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The other applicable rule is BANKR.R. 4007(c), which provides in pertinent part as follows:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date first set

for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

■ Plaintiff argues that FED.R.CIV.P. 15(a) fully supports its motion, as it states that leave to amend "shall be freely given." However, the mandate of liberality is qualified by the phrase "when justice so requires." The qualification plainly requires a consideration of the equities in each proceeding. No consideration of the relevant equities in a discharge or dischargeability adversary proceeding can ignore the 60-day statute of limitations of BANKR.R. 4004(a) and 4007(c). This statute of limitations is among the very shortest under federal law. It is designed to further the "fresh start" goals of bankruptcy relief; it requires creditors to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty in relief from financial distress as quickly as possible. *See, e.g., In re Figueroa,* 33 B.R. 298, 303 (Bankr.S.D.N.Y.1983); *In re Grant,* 45 B.R. 262, 264 (Bankr.D.Me.1984); *In re Shelton,* 58 B.R. 746, 750 (Bankr.N.D.Ill. 1986); *In re Klein,* 64 B.R. 372, 375 (Bankr.E.D.N.Y.1986). The time bar under BANKR.R. 4004(a) and 4007(c) is strictly applied in this District. *In re Neumann,* 36 B.R. 58 (Bankr.D.Minn.1984).

■ A motion to amend the complaint in a private creditor's adversary proceeding commenced under 11 U.S.C. § 727(a) to add a count under 11 U.S.C. § 523(a) is not merely an attempt to plead an alternative legal theory for a single, unitary injury to the plaintiff-creditor's interests. There are

substantial differences between proceedings under § 523(a) and proceedings under § 727(a), as to the necessary factual basis of the claims, the allegations which must be pleaded, the type, measure, and burdens of proof involved, and the ultimate effect of judgment in a plaintiff's favor on the availability of bankruptcy relief to the debtor. *In re Channel,* 29 B.R. 316, 318 (Bankr.W.D.Ky.1983); *In re Fehrle,* 34 B.R. 974, 975 (Bankr.W.D.Ky.1983); *In re Hargis,* 44 B.R. 225, 227–28 (Bankr.W.D.Ky. 1984); *In re McClellan,* 60 B.R. 719, 720 (Bankr.E.D.Va.1986). In commencing a dischargeability proceeding under § 523(a), a creditor seeks to vindicate only its own debt. On the other hand, in joining an objection to discharge under § 727(a), a private creditor assumes something of the role of a trustee. Section 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor.[1] Because exceptions to discharge and objections to discharge are two completely distinct and radically-different causes of action, proceedings involving them are in essence separate lawsuits even though they may be pleaded jointly in the same complaint. As essentially separate lawsuits, each such proceeding must be brought within the statute of limitations prescribed by BANKR.R. 4004(a) and 4007(c), subject only to extension upon motion timely under those rules. Thus, any motion in an adversary proceeding initially based on one of these statutory provisions to join a new count based upon the other must be made prior to the bar date—initial or extended—of BANKR.R. 4004(a) and 4007(c).

---

1. Both the Federal and Local Rules of Bankruptcy Procedure recognize this. BANKR.R. 7041 prohibits dismissal of adversary proceedings objecting to discharge "without notice to the trustee," and requires dismissal "only on order of the court containing terms and conditions which the court deems proper." As a means of standardizing the practice in this District, LOC.R.BANKR.P. (D.Minn.) 116(c) supplants the need to enter individual orders in particular cases with a general requirement that such adversary proceedings be dismissed only upon motion and after hearing, with prior notice to *all* of a debtor's scheduled creditors. These requirements afford the case trustee and other parties in interest the opportunity to object to dismissal on the ground that the plaintiff brought and settled the objection to discharge solely to advance its own interests by using the objection only as a means of enforcing its own debt.

Simply stated, in the case at bar, there is not a "sufficient identity" between Plaintiff's timely-pleaded § 727(a) claim and its proposed § 523(a)(6) claim to justify amendment in "the interests of justice," now that the bar date has passed. To hold otherwise would circumvent BANKR.R. 4007(c) by allowing Plaintiff to do indirectly what it could not do directly—almost two years after the bar date has passed, and long after Debtors had the right to conclude that dischargeability issues were at rest. *See In re Warren*, 20 B.R. 900, 902 (Bankr. D.Me.1982); *In re Anderson*, 30 B.R. 229, 233 (Bankr.S.D.Fla.1983); *In re Herrera*, 36 B.R. 693, 694 (Bankr.D.Colo.1984); *In re Ray*, 49 B.R. 545, 547 (Bankr.D.Haw.1985). As one court appropriately noted:

> To permit the continuation of a creditor's pursuit *ad infinitum* by a succession of amendments would be to sanction a form of slow torture inconsistent with the Code's principal objective of a "fresh start."

*In re Fehrle*, 34 Bankr. at 975.[2]

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to amend its Complaint is denied in all respects.

---

2. In deciding the issue presented as a policy matter based on the statute of limitations, the Court need not reach the issue under FED.R. CIV.P. 15(c) of whether the additional cause of action Plaintiff seeks now to raise should relate back to date of the original complaint. *See, e.g., In re Wahl*, 28 B.R. 688 (Bankr.W.D.Ky.1983);

*In re Mufti*, 61 B.R. 514 (Bankr.C.D.Cal.1986). Under the rule adopted here, this issue would arise only where, for instance, a plaintiff moved for leave to amend to add a count sounding under § 523(a)(6) to a complaint originally brought under § 523(a)(2)(A).