**In re David R. HAM and Shirley J. Ham, Debtors.**

**Emery TOTH, Andrea Williams and Donald R. Rhule, Plaintiffs,**

**v.**

**David R. HAM and Shirley J. Ham, Defendants.**

**Bankruptcy No. 94–50021.
Adv. No. 94–5039.**

United States Bankruptcy Court,
S.D. Illinois.

Nov. 7, 1994.

Mark C. Goldenberg, Granite City, IL, for plaintiffs.

Laura K. Grandy, Belleville, IL, for debtors/defendants.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The debtors, David and Shirley Ham, seek to dismiss a complaint filed by the plaintiffs, Emery Toth, Andrea Williams, and Donald Rhule, to determine the dischargeability of certain debts. The debtors assert that the plaintiffs' complaint was not filed within the limitation period prescribed by Bankruptcy Rule 4007(c) and is, therefore, time-barred.

The debtors filed their Chapter 7 bankruptcy petition on January 11, 1994. The deadline for filing complaints objecting to discharge and to determine dischargeability was May 3, 1994.

On April 28, 1994, the plaintiffs filed a motion to extend time requesting "an order extending the time in which applicants may file a complaint objecting to the discharge of the debtors." No request was made to extend the time in which to determine the

dischargeability of certain debts, nor was Code § 523 referenced. The Court granted the requested relief and entered an order extending the time to object to discharge until June 3, 1994.[1]

On June 2, 1994, the plaintiffs filed a complaint seeking to determine the dischargeability of certain debts pursuant to § 523(a)(2), (4), and (6) of the Bankruptcy Code. Although the complaint was entitled "Objection to Discharge," no objection to discharge pursuant to § 727(a) was made in the complaint. The debtors now move to dismiss the complaint on the grounds that it is time-barred, arguing that the plaintiffs did not seek, nor did they receive, an extension of time in which to obtain a determination of the dischargeability of debts pursuant to Bankruptcy Rule 4007(c). Additionally, the debtors argue that the plaintiffs are precluded from filing any subsequent complaint based on § 727(a), as the time to object to discharge under that section expired on June 3, 1994.

■ The time limitation for filing § 523 dischargeability complaints is set forth in Bankruptcy Rule 4007(c). Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to § 523(c) must be filed not later than 60 days following the date of the first scheduled § 341 creditors' meeting. While the court may extend the limitation period upon the motion of any party in interest, it may do so only if the motion for extension is made prior to the expiration of the limitation period. Fed.R.Bankr.P. 4007(c).[2] Once the limitation period expires, a creditor is jurisdictionally barred from seeking a determination of dischargeability pursuant to § 523(c), and the court has no choice but to dismiss any com-

---

1. At the time the plaintiffs filed their motion, they also tendered a proposed order entitled "Order Extending Time for Filing Objections to Discharge and/or Dischargeability." The Court did not enter that order because it proposed to extend the period to object to dischargeability, a remedy which was not requested in the plaintiffs' motion.

2. Bankruptcy Rule 4007(c) provides:
   A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code

shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

plaint filed after that time. *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986).

This conclusion is supported not only by the express language of Rule 4007(c), but by the legislative history of the Rule as well. The procedure for objecting to dischargeability under § 523(c) was substantially changed in 1983. Rule 409(a)(2), the predecessor of Rule 4007, required that complaints to determine dischargeability be filed "not less than 30 days nor more than 90 days after the first date set for the meeting of creditors." Fed. R.Bankr.P. 409(a)(2) (now amended and designated as Fed.R.Bankr.P. 4007). The court could extend this filing period on its own initiative and could grant untimely requests for extensions of time pursuant to the "excusable neglect" standard set forth in Rule 906(b) (now amended and designated Rule 9006(b)). Rule 4007(c) in its present form not only shortens the period for filing § 523(c) complaints, but also eliminates the court's discretion to permit untimely filings and extensions.[3]

■ Congress, in adopting a relatively short statute of limitations for raising certain objections to dischargeability, intended to protect the debtor's fresh start. An automatic termination of the objection period prevents creditors from raising allegations of fraud against the debtor after the claims have already been discharged in bankruptcy. *See In re Booth*, 103 B.R. 800, 803 (Bankr. S.D.Miss.1989); *In re Kirsch*, 65 B.R. 297, 299–300 (Bankr.N.D.Ill.1986).

■ Pursuant to the explicit directives of Rule 4007(c), this Court has no jurisdiction to enlarge the time for filing a complaint to determine dischargeability under § 523(c) unless a proper motion to extend the time is filed prior to the expiration of the limitation period.[4] In the instant case, the deadline for filing complaints objecting to discharge and to determine the dischargeability of certain debts was May 3, 1994. Although the plaintiffs in this case did seek an extension of the limitation period, they only requested that the court extend the period for objecting to discharge of the debtors, not the period for filing a complaint to determine the dischargeability of debts. Therefore, the Court has no choice but to dismiss the plaintiffs' complaint for lack of jurisdiction, as it was filed after the expiration of the established limitation period and no extension was sought. Such a ruling is consistent not only with the express language of Bankruptcy Rule 4007(c), but also with the general rule that discharge and dischargeability procedures are to be strictly construed against creditors in order to insure the debtor's fresh start. *See Kirsch*, 65 B.R. at 302–303.

■ The plaintiffs argue that by filing their motion to extend time, they intended to extend the period for objections pursuant to both § 727(a) and § 523(c). In support of this argument, the plaintiffs maintain that the term "discharge" is often used interchangeably to refer both to discharge of the debtor and to dischargeability of debts and that, by requesting an extension to object to "discharge," they were in fact requesting an extension to object on both grounds. The Court finds this argument unavailing.

■ The terms "discharge of the debtors" and "dischargeability of debts" refer to separate and distinct causes of action. In a § 523(c) dischargeability proceeding, a creditor objects only to the dischargeability of its own debt. However, when a creditor objects to the discharge of the debtor pursuant to

---

**3.** Rule 9006(b) provides for enlargement of the time periods set forth in the Bankruptcy Rules. Subsection (3) of Rule 9006(b) provides that the court may enlarge the filing period under Rule 4007(c) only to the extent and under the conditions stated in that Rule. Because Rule 4007(c) only permits enlargement if a request for extension was made during the filing period, § 523 dischargeability complaints are no longer subject to the excusable neglect doctrine.

**4.** The interpretation of Rule 4007(c) given by this Court represents the view of the majority of courts which have addressed this issue. *See In re Alton*, 837 F.2d 457, 459 (11th Cir.1988) ("There is 'almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint.' "); *Neeley v. Murchison*, 815 F.2d 345 (5th Cir.1987); *In re Shelton*, 58 B.R. 746, 749 (Bankr.N.D.Ill.1986) ("the time limitation of Rule 4007 and the procedure for extending them are set in stone."); *In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill.1986).

§ 727, it is seeking to hold all of the debtor's debts nondischargeable because of "objectionable conduct" by the debtor that is "more pervasive than a fraud on, or injury to, a single creditor." *In re Harrison,* 71 B.R. 457, 459 (Bankr.N.D.Minn.1987). While the general public may use the terms interchangeably, the Bankruptcy Code makes a clear distinction between the concepts of "discharge" and "dischargeability." [5] Therefore, a request to extend the time in which to "object to the discharge of the debtors" extends only the limitation period for filing actions under § 727 and nothing more.

■ The Court also rejects the plaintiffs' attempt to characterize their proposed order as a "motion." Simply tendering a proposed order to the Court does not transform that document into a motion upon which relief can be granted.[6] While the plaintiffs' proposed order may suggest that they intended to include both § 523 and § 727 complaints in their motion to extend time, the Court cannot grant such relief as it was not requested in the plaintiffs' actual motion.

■ Even if this Court construed the plaintiffs' proposed order as a "motion" to determine dischargeability, the plaintiffs would still not prevail because they did not comply with the notice requirements of Rule 4007(c). The debtors only received a copy of the plaintiffs' motion to extend time, not the proposed order. Rule 4007(c) specifically provides that the Court may only extend the limitation period "after a hearing on notice." Fed.R.Bankr.P. 4007(c). Therefore, because the debtors did not receive the requisite notice, the plaintiffs' proposed order may not properly be considered a motion to extend the filing period for § 523 dischargeability complaints.

■ Having concluded that the plaintiffs' § 523(c) complaint is jurisdictionally barred, the Court now addresses whether the plaintiffs are also precluded from filing a complaint based on § 727. In their motion to dismiss, the debtors argue that although the plaintiffs obtained an extension of time in which to object to the discharge of the debtors, they did not file a § 727(a) complaint before the extended limitation period expired and that, therefore, any objection brought pursuant to that section is also time-barred.

Bankruptcy Rule 4004, which sets out the limitation period for filing complaints under § 727(a) of the Code, contains the same 60 day limitation provision as Rule 4007(c). Like Rule 4007(c), Rule 4004 provides that any creditor seeking to object to the discharge of the debtor must either file a complaint within 60 days after the date of the first scheduled § 341 creditors' meeting or request an extension within that time period. Fed.R.Bankr.P. 4004. In the instant case, although the plaintiffs requested and received an extension of time in which to object to the discharge of the debtors, they did not file a § 727(a) complaint prior to the expiration of the new limitation period. Therefore, under the reasoning set forth above, the plaintiffs may not now file a new complaint based on § 727, nor may they amend their present § 523 complaint to include such a count.

■ Courts which have addressed the issue of amending complaints in this context have held that under Bankruptcy Rules 4007(c) and 4004(b), a creditor may not amend a timely filed complaint based initially on either discharge or dischargeability after the limitation period has expired to add a count based on the other cause of action. *See In re Harrison,* 71 B.R. 457 (Bankr. D.Minn.1987); *In re Channel,* 29 B.R. 316 (Bankr.W.D.Ky.1983); *In re Fehrle,* 34 B.R. 974 (Bankr.W.D.Ky.1983). Untimely amendments are prohibited for two reasons. First, because of the radical differences between an objection to discharge of the debtor and an objection to the dischargeability of a debt,

---

**5.** It should be noted that the plaintiffs' proposed order was entitled "Order Extending Time for Filing Objections to Discharge and/or Dischargeability." The proposed order also specifically referenced both § 523(c) and § 727(a) of the Bankruptcy Code. It is obvious from the proposed order that the plaintiffs themselves were aware of the distinction between the two terms

and realized that they are not to be used interchangeably.

**6.** Additionally, proposed orders do not become a part of the official court record until adopted and entered by the Court.

there is not "sufficient identity" between the two claims to permit amendment after the bar date. Second, if amendments after the limitation period were permitted, the Court would in effect be allowing creditors to circumvent the mandates of Bankruptcy Rules 4004(a) and 4007(c) by allowing them to do indirectly that which they could not otherwise do.

Therefore, the Plaintiffs' complaint must be dismissed. See written order.