**In re Barry Steve ASBURY, Debtor.**

**Stephen M. Wright, Stephen M. Wright, CPA, P.A., Plaintiffs.**

**v.**

**Barry Steve Asbury, Defendant.**

**Bankruptcy No. 91–5–2706–JS. Adversary Nos. 92–5257, 98–5733.**

United States Bankruptcy Court, D. Maryland.

March 10, 2000.

## *MEMORANDUM OPINION DISMISS-ING COMPLAINTS OBJECTING TO DISCHARGE AND TO DETER-MINE DISCHARGEABILITY OF DEBT*

JAMES F. SCHNEIDER, Bankruptcy Judge.

In 1992, the plaintiffs filed a complaint, an amended complaint, and a second amended complaint to determine dischargeability of debt, which this Court dismissed at trial because the evidence related solely to the general denial of a discharge in bankruptcy, but it was too late to amend the complaint because the deadline had passed for bringing complaints objecting to discharge. *See Wright v. Asbury,* Adversary Proceeding No. 92–5257–JS. After the second amended complaint was dismissed and while the debtor's instant Chapter 7 case was still open, the plaintiffs filed the instant complaint objecting to discharge. After a two-day hearing, the Court will dismiss the instant complaint on grounds of *res judicata,* issue preclusion and limitations. The plaintiffs and defendant are *pro se.*

### *FINDINGS OF FACT*

On May 3, 1991, the debtor, Barry Steve Asbury, filed a Chapter 13 bankruptcy petition in this Court. On September 23, 1991, the case was converted to Chapter 7.

The plaintiffs are Stephen M. Wright and Stephen M. Wright, CPA, P.A., the latter a Maryland professional association.

On June 1, 1992, the plaintiffs filed the first complaint entitled "Complaint Objecting to the Dischargeability of a Debt," which, citing no provisions of the Bankruptcy Code, prayed a determination that "the indebtedness owed by the defendant to the plaintiff is nondischargeable," and "for a judgment in favor of the plaintiff in the amount of Four Thousand One Hundred Sixty–Five Dollars," incorrectly expressed in numerals as "$1,465.00."

On September 1, 1992, the complaint was dismissed upon the *pro se* defendant's motion for failure of the complaint to set forth a jurisdictional statement. Order of September 1, 1992 [P. 7].

On October 14, 1992, this Court denied the plaintiff's motion for reconsideration because the amended complaint did not cite the underlying sections of the Bankruptcy Code for the determination of dischargeability. Order entered October 14, 1992 [P. 11].

On November 16, 1992, by order [P. 14] of even date, this Court vacated the dismissal and permitted the plaintiffs to file a second amended complaint, entitled "Second Amended Complaint Objecting to the Dischargeability of a Debt" [P. 15], which cited for its authority 11 U.S.C. § 523(a)(2) and (a)(4).

Meanwhile, on March 1, 1994, this Court granted the debtor a Chapter 7 discharge.

On September 22, 1995, the plaintiffs filed a pretrial order [P. 39], which cited subsections of Section 727 of the Bankruptcy Code, rather than Section 523, upon which the complaint was based. Section 727 of the Bankruptcy Code sets forth grounds for the denial of a discharge, rather than grounds for determining a debt to be nondischargeable.

At trial on September 25, 1995, this Court dismissed the complaint at the conclusion of the plaintiffs' case because the only evidence produced by the plaintiff related to grounds for the denial of a discharge, as opposed to the determination of dischargeability. The plaintiffs were represented by counsel at the trial.

On September 20, 1996, the U.S. District Court for the District of Maryland [Nickerson, J.] reversed and remanded the complaint, holding that this Court should have permitted the plaintiffs to further amend the complaint to set forth a cause of action under Section 727 of the Bankruptcy Code.

### THIRD AMENDED COMPLAINT

On February 27, 1997, this matter came on for hearing on remand, at which time the plaintiffs filed a third complaint entitled "Third Amended Complaint Objecting to Discharge of Debtor Pursuant to Section 727 and Objecting to the Dischargeability of a Debt Pursuant to Section 523 of the United States Bankruptcy Code." At the hearing, the plaintiffs presented further evidence in support of the argument that the debtor ought to be denied a discharge pursuant to Section 727 of the Bankruptcy Code, for cause, including the debtor's concealment of assets. At the conclusion of the hearing, the matter was held *sub-curia.*

### MOTION TO REVOKE DISCHARGE

While a decision was pending on the third amended complaint, on April 9, 1998, the plaintiffs filed the instant motion [P. 82] to revoke/vacate the debtor's discharge. The motion, which the plaintiffs contended contained newly-discovered information, was found by the Court to be a rehash of the third amended complaint. For the reasons set forth, the third amended complaint and the most recent complaint will be dismissed.

### *CONCLUSIONS OF LAW*

 The debtor's discharge which was entered on March 1, 1994, effectively blocked the plaintiff from maintaining the third amended complaint as one objecting to discharge. Such a complaint is fundamentally different from a complaint to determine the dischargeability of a particular debt, which was the original guise in which

the complaint was filed. The function of determining a debt to be nondischargeable merely excepts from discharge a debt held by a particular plaintiff or plaintiffs, while the function of denying a discharge *in toto* has the practical effect of preventing all legitimate debts of a debtor from being discharged in bankruptcy. *See Toth v. Ham (In re Ham)*, 174 B.R. 104, 107–08 (Bankr.S.D.Ill.1994). Dischargeability of debt is governed by Section 523[1] of the

1. Section 523 provides as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

(C) for purposes of subparagraph (A) of this paragraph, consumer debts owed to a single creditor and aggregating more than $1,000 for "luxury goods or services" incurred by an individual debtor on or within 60 days before the order for relief under this title, or cash advances aggregating more than $1,000 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 60 days before the order for relief under this title, are presumed to be nondischargeable; "luxury goods or services" do not include goods or services reasonably acquired for the support or maintenance of the debtor or a dependent of the debtor; an extension of consumer credit under an open end credit plan is to be defined for purposes of this subparagraph as it is defined in the Consumer Credit Protection Act;

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

(9) for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act;

(11) provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union; or

(12) for malicious or reckless failure to fulfill any commitment by the debtor to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution, except that this paragraph shall not extend any such commitment which would otherwise be terminated due to any act of such agency;

(13) for any payment of an order of restitution issued under title 18, United States Code;

(14) incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1);

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;

(16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which—

(A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or

(B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order or relief in a pending or subsequent bankruptcy case; or

(17) for a fee imposed by a court for the filing of a case, motion, complaint, or appeal, or for other costs and expenses assessed with respect to such filing, regardless of an assertion of poverty by the debtor under section 1915(b) or (f) of title 28, or the debtors status as a prisoner, as defined in section 1915(h) of title 28.

(b) Notwithstanding subsection (a) of this section, a debt that was excepted from discharge under subsection (a)(1), (a)(3), or (a)(8) of this section, under section 17a(1), 17a(3), or 17a(5) of the Bankruptcy Act, under section 439A of the Higher Education Act of 1965, or under section 733(g) of the Public Health Service Act in a prior case concerning the debtor under this title, or under the Bankruptcy Act, is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed and after notice and a hearing, the court determines such debt to be excepted from discharge un-

Bankruptcy Code, while objections to discharge are authorized by Code Section 727.[2]

der paragraph (2), (4), (6), or (15) as the case may be, of subsection (a) of this section.

(2) Paragraph (1) shall not apply in the case of a Federal depository institutions regulatory agency seeking, in its capacity as conservator, receiver, or liquidating agent for an insured depository institution, to recover a debt described in subsection (a)(2), (a)(4), (a)(6), or (a)(11) owed to such institution by an institution-affiliated party unless the receiver, conservator, or liquidating agent was appointed in time to reasonably comply, or for a Federal depository institutions regulatory agency acting in its corporate capacity as a successor to such receiver, conservator, or liquidating agent to reasonably comply, with subsection (a)(3)(B) as a creditor of such institution-affiliated party with respect to such debt.

(d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

(e) Any institution-affiliated party of a insured depository institution shall be considered to be acting in a fiduciary capacity with respect to the purposes of subsection (a)(4) or (11).

11 U.S.C. § 523.

**2.** Section 727 provides as follows:

§ 727. Discharge.

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be, transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court, or to testify;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

(A) 100 percent of the allowed unsecured claims in such case; or

(B)(i) 70 percent of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; or

■ A creditor seeking to determine the dischargeability of a debt pursuant to Section 523(c) must file a complaint within sixty (60) days after the first date set for the Section 341 meeting of creditors or seek an extension of time to object before the limitation period has expired. Fed. R.Bankr.P. 4007(c).[3] Section 523(c) requires that a creditor seek a determination of nondischargeability as to debts arising under Section 523(a)(2),(4),(6) and/or (15). 11 U.S.C. § 523(c); *see also In re Jeffrey,* 169 B.R. 25, 26 (Bankr.D.Md.1994). Because there is no "sufficient identity" between an objection to discharge pursuant to Section 727 and a request for determination of the dischargeability of a debt pursuant to Section 523, a timely-filed complaint that only sets forth one of the two causes of action may not be amended to include the other cause of action after the expiration of the limitations period. To countenance such untimely amendments would nullify the limitations mandated by Federal Rules of Bankruptcy Procedure 4004(b) and 4007(c). *In re Ham,* 174 B.R. at 108.

■ The granting of a discharge in bankruptcy does not affect a pending complaint to determine dischargeability of debt, because the relief requested in the complaint is that one or more debts be excepted from discharge. *See* Fed.

> (10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.
>
> (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.
>
> (c)(1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.
>
> (2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.
>
> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section.
>
> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
>
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
>
> (2) under subsection (d)(2) or (d)(3) of this section before the later of—
>
> (A) one year after the granting of such discharge and
>
> (B) the date the case is closed.
>
> 11 U.S.C. § 727.

**3.** Federal Rule of Bankruptcy Procedure 4004(c) mandates the issuance of a Chapter 7 discharge, as follows:

> (c) Grant of Discharge.
>
> (1) In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), the court shall forthwith grant the discharge unless: (a) the debtor is not an individual, (b) a complaint objecting to the discharge has been filed, (c) the debtor has filed a waiver under § 727(a)(10), (d) a motion to dismiss the case pursuant to Rule 1017(e) is pending, (e) a motion to extend the time for filing a complaint objecting to discharge is pending, or (f) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of the case under the Code.
>
> (2) Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain.
>
> Fed.R.Bankr.Proc. 4004(c).

R.Bankr.P. 4007.[4] However, because the granting of a discharge is incompatible with a pending complaint to completely deny a discharge, a complaint objecting to discharge may not be maintained after a discharge has been granted, without first seeking to strike the discharge if the Code permits. *See* Fed.R.Bankr.Proc. 4004(a).

In this case, the Bankruptcy Code provides no basis for the plaintiff to strike the debtor's discharge, or to amend the complaint to set forth a distinctly different cause of action which by the date of trial was time-barred.

■ In his opinion, Judge Nickerson cited with approval the decision of the Fifth Circuit U.S. Court of Appeals in the case of *In re Southmark*, 88 F.3d 311 (5th Cir.1996), which listed the factors to be considered in deciding whether to grant leave to amend a complaint: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 315.

■ In the case at bar, this Court notes the presence of four of the five factors militating against permitting the amendment. The amendment of the complaint at trial was futile because of the long-expired deadline for filing complaints objecting to discharge, and the fact that a discharge had been granted. The debtor/defendant would obviously be prejudiced by such an amendment, especially because he was without counsel. The plaintiffs, although represented by counsel, consistently failed to properly amend the complaint until it was too late to do so. Their undue delay in amending the complaint *after trial* at the invitation of the U.S. District Court should not be permitted.

■ Because the evidence produced by the plaintiffs related solely to the denial of discharge, as opposed to the determination of the dischargeability of the plaintiffs' debts, the third amended complaint will be DISMISSED WITH PREJUDICE.

Likewise, the most-recently filed complaint is found to be a nearly-identical recitation of the same allegations brought in the earlier complaints, albeit with much more excruciating detail in the litany of

---

**4.** Federal Rule of Bankruptcy Procedure 4007, which governs the filing of complaints to determine the dischargeability of debts, provides as follows:

> Rule 4007. Determination of Dischargeability of a Debt.
>
> *(a) Persons Entitled to File Complaint.* A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.
>
> *(b) Time for Commencing Proceeding Other Than Under § 523(c) of the Code.* A complaint other than under § 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.
>
> *(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
>
> *(d) Time for Filing Complaint Under § 523(c) in Chapter 13 Individuals Debt Adjustment Case; Notice of Time Fixed.* On motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 523(c) and shall give not less than 30 days notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subsection, The motion shall be made before the time has expired.
>
> *(e) Applicability of Rules in Part VII.* A proceeding commenced by a complaint filed under this rule is governed by Part VII of these rules.

Fed. R. Bankr.P. 4007.

numbers and dates. In an abundance of caution, the courts have given Mr. Wright four or five bites at the apple on what amounts to a lost cause of collecting a $4,000 debt. This was the last bite. The latest complaint will be DISMISSED WITH PREJUDICE.

COSTS TO BE ASSESSED TO THE PLAINTIFF.

See also 250 B.R. 59.