In re Davey L. THOMASON and
Kathleen A. Thomson,
Debtors.

Lenore Nesler, Plaintiff,

v.

Davey L. Thomason, Defendant.

Bankruptcy No. 01–60355.

Adversary No. 01–6030.

United States Bankruptcy Court,
S.D. Illinois.

Aug. 2, 2002.

Michael Curry, Mueller Associates, Mt. Vernon, IL, for Debtors.

Donald Hoagland, Robinson, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court on a Motion to Dismiss filed by the Defendant, and Plaintiff's Resistance to Defendant's Motion to Dismiss; the Court, having reviewed the written memoranda of the parties and heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows.

1. On April 4, 2001, the Debtor, Davey L. Thomason, filed for relief under Chapter 7 of the Bankruptcy Code.

2. Pursuant to the Debtor's filing under Chapter 7 of the Bankruptcy Code, the Court entered an Order for relief setting July 16, 2001, as the deadline for filing Complaints to Determine Dischargeability under 11 U.S.C. § 523.

3. On July 19, 2001, Plaintiff, Lenore Nesler, filed a Complaint Objecting to Discharge of Debt pursuant to 11 U.S.C. § 523, seeking to have an indebtedness owed to her by the Defendant to be determined non-dischargeable pursuant to either 11 U.S.C. § 523(a)(2)(a), (4), or (6).

4. A summons was issued on the Plaintiff's Complaint on July 19, 2001, and was duly served by the Plaintiff on the Defendant.

5. Debtor's bankruptcy counsel chose not to represent the Debtor in the instant adversary proceeding, and, as such, the Defendant proceeded *pro se,* sending a letter to the Court, dated August 8, 2001, which was received in Judge's chambers on August 10, 2001, stating that he had no assets available to pay the subject debt. This letter was taken as a *pro se* Answer by the Court, and a pre-trial hearing was scheduled for November 16, 2001.

6. On November 16, 2001, a pre-trial Order was entered in which trial was scheduled for February 22, 2002, and, at that time, the Defendant was instructed to retain counsel, if possible.

7. Pursuant to the Court's suggestion of retention of counsel on November 16, 2001, the Debtor/Defendant retained Attorney Roy Jackson Dent to represent him in this matter. Mr. Dent entered his appearance on December 17, 2001.

8. Pursuant to a Motion for Continuance filed by the Plaintiff on February 28, 2002, the trial previously scheduled for February 22, 2002, was reset for April 19, 2002.

9. A trial was held on April 19, 2002, at which time the Court heard sworn testimony of the parties and received documentary evidence. The Court took the matter under advisement at the conclusion of trial.

10. Shortly following the conclusion of the trial, in reviewing the record of Debtor's bankruptcy proceeding and the record of the instant adversary proceeding, Defendant's counsel discovered a discrepancy between the date of filing the instant adversary proceeding and the deadline set for filing complaints to determine dischargeability, resulting in the filing of the Motion to Dismiss presently before the Court, on April 26, 2002. The Defendant further filed Defendant's Memorandum in Support of Motion to Dismiss, and the Plaintiff filed Plaintiff's Resistance to Defendant's Motion to Dismiss on May 7, 2002.

11. A conference call was held on the Motion to Dismiss and Plaintiff's Resistance to Defendant's Motion to Dismiss on May 22, 2002, at which time arguments of counsel were heard with the Court advising the parties that it would rule on the Defendant's Motion to Dismiss within a short period of time.

## Conclusions of Law

In support of his Motion to Dismiss, the Defendant asserts that the Plaintiff's Complaint must be dismissed as it was not timely filed, as required under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. The Defendant cites the cases of *In re Kirsch,* 65 B.R. 297 (Bankr. N.D.Ill.1986); *In re Lyman,* 166 B.R. 333 (Bankr.S.D.Ill.1994); and *In re Ham,* 174 B.R. 104 (Bankr.S.D.Ill.1994), for the proposition that complaints to determine dischargeability filed after the deadline as established by Rule 4007(c) must be dismissed for want of jurisdiction. Rule 4007(c) states:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of the party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

The uncontroverted facts in this matter clearly show that the Complaint, filed by Plaintiff, Lenore Nesler, was not filed within the time period as prescribed by Rule 4007(c), nor did the Plaintiff file a motion requesting continuance of the deadline prior to the expiration of time. In *Ham,* the Court stated in part:

Once the limitation period expires, a creditor is jurisdictionally barred from seeking a determination of dischargeability pursuant to § 523(c), and the court has no choice but to dismiss any complaint filed after that time. *See: Ham, supra,* at 106–107.

In opposition to the Defendant's Motion to Dismiss, the Plaintiff asserts that the Defendant has waived any argument as to jurisdiction given that trial has already been held in this matter. In the alternative to her waiver argument, the Plaintiff further asserts that, pursuant to Rule 9006(f) of the Federal Rules of Bankruptcy Procedure, she should be allowed an additional three days beyond July 16, 2001, in which to timely file a complaint to determine dischargeability under § 523(c).

▉ In considering the Plaintiff's waiver argument, the Court finds that this matter is governed by Rule 7012 of the Federal Rules of Bankruptcy Procedure, making Rule 12 of the Federal Rules of Civil Procedure applicable in bankruptcy proceedings. Pursuant to Rule 12(h)(1):

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The Court finds that, under the uncontroverted facts in this matter, no waiver has been shown on Defendant's part as to the lack of jurisdiction over the subject matter of this proceeding, given the untimely filing of the instant Complaint.

▉ In considering the Plaintiff's argument that she should be allowed an addi-

tional three days beyond the deadline set for filing complaints under 11 U.S.C. § 523, of July 16, 2001, the Court has examined Rule 9006(f) of the Federal Rules of Bankruptcy Procedure and the case law interpreting that section, and finds that the additional time period afforded by Rule 9006(f) is not applicable when determining the period of time to file non-dischargeability complaints. The overwhelming majority of Courts considering the identical argument raised by Plaintiff herein have consistently refused to apply Rule 9006(f) to the time period prescribed under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure: *See: In re Brucker,* 150 B.R. 746 (Bankr. D.N.D.1993); and *In re Reynolds,* 215 B.R. 89 (Bankr.N.D.Ga.1997). In *Brucker,* the Court, citing *In re Duncan,* 86 B.R. 288 (Bankr.M.D.Fla.1988), stated in reference to Rule 4007(c) that:

> The rule specifically refers to filing complaints. Thus the time period described under Rule 4007(c) is more akin to a statute of limitations or the time period in which to file a responsive pleading in that the date set for the § 341(a) creditors' meeting triggers the running of the time period and the person possessing the right to act is barred by the failure to act within the prescribed period. To hold otherwise here or in similar cases where the debtor has been discharged would inject uncertainty and confusion into the proceedings and is contrary to the policy of providing finality in bankruptcy proceedings.

The Court, in *Brucker,* further stated that:

> This court agrees with the *Duncan* ruling that Rule 4007(c) is more similar to a statute of limitations in that any creditor who wishes to file a complaint to determine the dischargeability of any debt more than 60 days after the first

meeting of creditors is barred from doing so. In the present case, Transamerica's complaint was not timely filed within the time prescribed nor did it seek an extension of time. Rule 4007(c) does not provide the court with any other alternative method in which to enlarge the filing period. That period expired on November 24, 1992. Accordingly, Transamerica's argument that Rule 9006(f) extended the bar date to file its complaint by three days is meritless.

Based upon a review of the clear case law on the issue presently before the Court, the Court must conclude that it has no choice but to dismiss the Plaintiff's Complaint based upon the failure to timely file the complaint, or to move for an extension of time in which the file the complaint prior to the deadline passing.